Van Voorhis, J.
Plaintiff appeals from a judgment dismissing the complaint upon the law, entered upon a determination by the trial court at the close of plaintiff’s evidence that plaintiff had failed to prove facts sufficient to constitute a cause of action against any of the defendants. The action is to recover brokerage commissions upon the sale of real property known as the Hotel Meurice, located 145 West 58th Street, borough of Manhattan, New York City. Title was in defendant City Bank Farmers Trust Co., as trustee, under a trust agreement with Prudence Bonds Corporation (hereinafter referred to as •Prudence). Prudence was authorized to sell on behalf of City Bank Farmers Trust Co.
Plaintiff testified that he contacted an officer of Prudence from whom he obtained the selling information respecting the Hotel Meurice, and the price of $600,000, with a minimum of $150,000 cash, at which it was held for sale, which he transmitted to a prospective purchaser, the defendant Samuel Moses. The latter discussed the proposition with plaintiff, in detail, during a considerable interval of time. Moses suggested that *197 plaintiff associate himself with a broker named John E. Longua, connected with defendant Ivor B. Clark, Inc. (hereinafter referred to as Clark). Moses told plaintiff that Longua acted for Prudence in most of its real estate transactions. Plaintiff sought out Longua, and their correspondence and the testimony indicates that plaintiff and Clark entered into a joint venture for the sale of this hotel property, under which one third of the selling commission was to be paid to Clark and two thirds to plaintiff if a deal were consummated. Clark was to obtain mortgage financing in order to provide more cash, in order to make the proposition more attractive to the seller, and Clark was to retain the entire commission for placing such a mortgage.
Plaintiff did not disclose Moses ’ name to Clark, nor did Clark inform plaintiff of the name of the lending institution with which it was déaling, and from which it expected to procure this mortgage loan.
Plaintiff testified that Mr. Moses remained an active prospect to purchase this real property until late in August, 1945. Whatever may have been the correct date, on June 18, 1945, Clark (through Longua, its vice-president) wrote to plaintiff informing him that Clark would be forced to the conclusion that plaintiff’s customer was not serious about making this purchase, unless word were received to the contrary by the next day. Longua stated in this letter that Clark had arranged a mortgage commitment which would be a necessary part of any deal, and that in order to obtain the benefit of the work already done, it would be necessary to act quickly inasmuch as Prudence was negotiating with other brokers for the sale of the same premises on an entirely cash basis. Longua, testifying for plaintiff, stated that on June 20th plaintiff told him that he had nobody who would buy the property.
Thereafter Clark treated its association with plaintiff as ended, and formed an association with another brokerage firm, Byrne, Bowman & Forshay, Inc. The latter obtained an informal offer from a man named Oscar Helgeson on or about August 3, 1945, which contemplated obtaining a mortgage loan in the sum of $335,000. This offer collapsed when Brooklyn Savings Bank, with which Clark had been dealing, declined to make the loan. The transfer to Helgeson was to have been closed October 1st. Negotiations lay dormant, but in a state of suspended animation, as a jury might find, until October 5, 1945, when Clark succeeded in obtaining a commitment for a loan of $325,000 from the Western Savings Bank of Buffalo, in Buffalo, N. Y. Thereupon Helgeson, disappearing as principal, became an *198 associate broker in the transaction, and on October 17, 1945, a contract of sale was entered into between Prudence and a corporation wholly owned by defendant Moses known as M. F. Improvement Corporation. On December 3, 1945, title was conveyed to Meurice Corporation, in accordance with the contract, which was conceded to be the designee of Mr. Moses. Byrne, Bowman & Forshay, Inc., divided a portion of its share in the commission with Helgeson. Longua testified as plaintiff’s witness that he first heard the name Moses mentioned in connection with the transaction several days prior to the signing of the contract on October 17th, and that he did not then know that Moses was the man with whom plaintiff had been negotiating.
Plaintiff wrote to Prudence on November 28, 1945, that he had procured Mr. Moses as purchaser, had been dealing with him all along, in co-operation with Clark, and requested Prudence to withhold payment of any brokerage commission until proper adjustment should be made with plaintiff by those concerned. Prudence disregarded that letter and paid the full commission to Clark on December 3d.
At the time when he signed the contract of sale on October 17th, as president of M. F. Improvement Corporation, Moses certified in writing that Clark “ is the only broker with whom the purchaser had any dealings in connection with this transaction, and based on such representation the seller recognizes Ivor B. Clark, Incorporated, as the broker in this transaction.”
In view of the failure of plaintiff to inform Prudence or Clark of the identity of his prospective purchaser as Moses, prior to the signing of the contract of sale on October 17th, we think that, under the circumstances of this case, plaintiff failed to prove a cause of action against the seller. Insofar as Clark or Prudence knew, and as plaintiff himself evidently believed at the time, the negotiations with plaintiff’s prospective purchaser, whoever he might have been, had terminated. No claim is made in the complaint against Clark, which is joined as a defendant by reason of its refusal to join as coplaintiff in the capacity of coadventurer. There is nothing to indicate that either Clark or Prudence failed to act in good faith. At the time when it received plaintiff’s letter of November 28th, Prudence had implicated itself with Clark in what was apparently a new transaction through Byrne, Bowman & Forshay, Inc., without knowing that Moses had been plaintiff’s prospect from the beginning.
On the contrary, however, the record contains facts sufficient to constitute a prima facie case against defendant Samuel *199 Moses. Although there is no evidence that he acted through Helgeson as his alter ego, or how he or Helgeson came into contact with Byrne, Bowman & Forshay, Inc., nevertheless a question of fact was presented concerning whether Moses’ negotiations to purchase had really terminated, when plaintiff became disconnected from the negotiations (Sibbald v. Bethlehem Iron Co., 83 N. Y. 378). The case against Moses is founded upon the principle of the decision in Kevicsky v. Lorber (290 N. Y. 297) on the theory of fact that the transaction would have been closed through plaintiff’s agency, and two thirds of the commission paid to plaintiff, except for bad faith on Moses’ part, in endeavoring to defeat plaintiff’s commission, in ostensibly breaking the negotiations off, but later resuming them as soon as the necessary financing had been arranged through the Western Savings Bank of Buffalo. The certification by Moses that no broker other than Clark had participated in any dealings in connection with this transaction was made to Prudence, to be sure, but the triers of the fact could find that it was false, and intentionally so, and evidenced a willingness to deceive on Moses’ part. Since such a state of mind is relevant where a defendant is charged with bad faith, a jury could have found that this evinced a deliberate purpose on Moses ’ part to simulate an interruption in the negotiations, and to misrepresent plaintiff’s part in the transaction, to prevent plaintiff from earning a commission. How Helgeson entered the picture as principal, or became transformed into a broker, what he did to earn his portion of the commission, or whether he retained what was paid to him, remains shrouded in mystery.
Under the terms of plaintiff’s association with Clark, a jury could find that the duty rested upon Clark and not plaintiff to procure the necessary mortgage financing. Clark was to retain the entire commission on the loan. Inasmuch as Clark obtained a loan which was satisfactory to the seller and to Moses, the triers of the fact might find that, so far as Moses was concerned, plaintiff fulfilled his part of the transaction, and that it would have been concluded according to the original plan if Moses had not wrongfully prevented it.
Payment of the full commission to Clark on December 3. 1945, after Prudence had received plaintiff’s letter advising of his part in the transaction, would not defeat plaintiff’s claim as matter of law under the rule that payment to one joint adventurer discharges the entire debt inasmuch as in this case payment to Clark on behalf of itself and Byrne, Bowman <S Forshay was made after Prudence had been informed, in effect, *200 as the jury might find, that that payment was being made on account of a new and different joint venture.
The judgment appealed from should be modified by granting a new trial as against defendant Samuel Moses, with costs to appellant against defendant Moses to abide the event and, as so modified, should be affirmed.
Does, J. P., Cohn, Callahan and Shientag, JJ., concur.
Judgment unanimously modified by granting a new trial as against the defendant Samuel Moses, with costs to the appellant against said defendant to abide the event and, as so modified, affirmed. Settle order on notice.